# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VAN A. ROSE,<br><br>    Plaintiff,<br><br>    v.<br><br>J. ZARAGOZA,<br><br>    Defendant.<br>_____ / | CASE NO.   1:10-cv-1333-MJS (PC)<br><br>ORDER DISMISSING PLAINTIFF'S AMENDED COMPLAINT WITH LEAVE TO AMEND<br><br>PLAINTIFF'S SECOND AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |

Plaintiff Van Rose ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis in this Bivens action pursuant to 42 U.S.C. § 1983.  Plaintiff's original Complaint, filed on March 22, 2010, asserted claims on behalf of himself and two other prisoners. (ECF No. 1.)  On July 26, 2010, the Court severed the multiple plaintiffs' claims and opened a case with Rose as the sole plaintiff. (ECF No. 2.)  Rose was ordered to submit an amended complaint bearing his new case number within thirty days. (Id.)

In compliance with the Court's Order, Plaintiff has submitted an Amended Complaint containing his new case number. (ECF No. 6.)  However, multiple sections of the complaint form are blank, including the section where Plaintiff is required to list the Defendants, the statement of claim section, and the relief sought section. (Id.)  Plaintiff's Amended Complaint contains absolutely no details as to which constitutional rights he alleges were violated or how they were violated.

Apparently, the Court's July 26, 2010 Order did not appropriately instruct Plaintiff

on what he was required to file to proceed with his case.  Thus, the Court will attempt to clarify and grant Plaintiff another chance to amend his claims.

In his second amended complaint, Plaintiff must demonstrate how the conditions complained of resulted in a deprivation of his constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must be brief but specific in terms of how each named defendant was involved.  There can be no liability unless there is some affirmative link or connection between a defendant's actions and the claimed constitutional deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980).

Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.  The Court will not refer to Plaintiff's prior complaints when evaluating whether Plaintiff has stated a claim upon which relief may be granted.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is hereby ORDERED that:

1. Plaintiff's Amended Complaint (ECF No. 6) is DISMISSED for failure to state a claim;
2. The Clerk's Office shall send Plaintiff a Bivens complaint form;
3. Within thirty (30) days from the date of service of this order, Plaintiff must file a second amended complaint; and
4. If Plaintiff fails to comply with this order, this action will be dismissed for failure to obey a court order.

IT IS SO ORDERED.

Dated:   August 19, 2010          /s/ *Michael J. Seng*

UNITED STATES MAGISTRATE JUDGE