# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VAN A. ROSE,<br><br>        Plaintiff,<br><br>    v.<br><br>J. ZARAGOSA,<br><br>        Defendant.<br>_____/ | CASE NO. 1:10-cv-1333-MJS (PC)<br><br>ORDER DISMISSING THIS ACTION WITHOUT PREJUDICE FOR FAILURE TO COMPLY WITH MULTIPLE COURT ORDERS<br><br>(ECF Nos. 8 & 10)<br><br>CLERK SHALL ENTER JUDGMENT |

      Plaintiff Van A. Rose is a federal prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388, 91 S.Ct. 1999 (1971). Plaintiff consented to magistrate judge jurisdiction on August 12, 2010. (ECF No. 5.)

      Plaintiff Rose, along with a number of other prisoners, initiated this lawsuit on March 22, 2010. (ECF No. 1.) On July 26, 2010, the Court severed the multiple plaintiffs' claims and opened a new case in which Rose was the sole plaintiff. (ECF No. 2.) On August 12, 2010, the Court dismissed Plaintiff's First Amended Complaint for failure to state a claim and ordered that Plaintiff file a second amended complaint by September 23, 2010. (ECF No. 8.) Plaintiff was warned that failure to comply with the Court's order would result in dismissal of his case. (<u>Id.</u>)

      On October 25, 2010, the Court issued a show cause order directing Rose to show cause why his case should not be dismissed for failure to obey a court order. (ECF No.

10.)  The Court noted that Plaintiff had failed to file an amended complaint by the deadline set in the Court's August 12 order.  (Id.)  The Court ordered Plaintiff to respond to the show cause order by September November 10, 2010.  (Id.)  Plaintiff was again warned that failure to comply with the Court's order would result in dismissal of his case.  (Id.)

Local Rule 11-110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case."  Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules).

To date, Plaintiff has failed to respond to the Court's show cause order.  Plaintiff also has not yet filed a second amended complaint.  As such, there is no operative pleading in this case.  Plaintiff having repeatedly ignored multiple orders of the Court, the Court is left with no choice but to dismiss this action.  Accordingly, the above-captioned action is DISMISSED without prejudice based for failure to prosecute and failure to obey

IT IS SO ORDERED.

Dated:   November 26, 2010                    /s/ *Michael J. Seng*
                                              UNITED STATES MAGISTRATE JUDGE